## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>LEGACY MEDICAL SUPPLIES, LLC., MARK ECKHARDT, CAROL ANN KORPI, JOSEPH NELSON, JEREMY REBOULET, and DOES 1-10, whose true names are largely unknown.<br><br>        Defendants. | Case No.: 20-cv-1371 (ECT/KMM)<br><br><br>**CONSENT JUDGMENT** |

The above-entitled matter came before the Court upon the Stipulation to Enter Consent Judgment entered into by and between Plaintiff 3M Company ("3M") and Defendant Carol Ann Korpi ("Korpi").

Based upon all the files, records, and proceedings herein, the Court being duly advised in the premises,

IT IS HEREBY ORDERED:

1.    Korpi, and each of her agents, servants, employees, officers and all persons and entities in active concert and participation with her, shall be and hereby are permanently enjoined and restrained from using any registered trademarks or any tradenames of 3M ("3M Marks"), and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale,

and/or sale of any goods or services, including, without limitation, 3M-brand N95 respirators, and

2. Korpi, and each of her agents, servants, employees, officers and all persons and entities in active concert and participation with her, shall be and hereby are permanently enjoined and restrained from engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing themselves and any entity or person with which they are affiliated as being an authorized distributor, vendor, agent, representative, retailer, and/or licensee of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators); falsely representing to have an association or affiliation with, sponsorship by, and/or connection with, 3M and/or any of 3M's products; and falsely representing that 3M has increased the price(s) of its 3M-brand N95 respirators.

3. Korpi, and each of her agents, servants, employees, officers and all persons and entities in active concert or participation with her, shall be and hereby are permanently enjoined and restrained from representing to prospective suppliers or customers or employees that they have a business or personal relationship with any director, officer, or employee of 3M and from representing to any prospective suppliers or customers or employee that they have access to 3M products or services as a result of a relationships with any director, officer, or employee of 3M.

4. Violation of the provisions of this Consent Judgment shall result in such sanctions as the Court deems necessary and appropriate under the circumstances, including but not limited to sanctions for contempt of court.

5. Korpi shall be, and hereby is, dismissed as a Defendant in the above-entitled action; *provided however,* that this Court shall retain jurisdiction over 3M and Korpi to enforce the terms and provisions of this Consent Judgment as well as to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement hereof.

Dated: _____       BY: _____
                                             United States District Court