# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>LEGACY MEDICAL SUPPLIES, LLC., MARK ECKHARDT, CAROL ANN KORPI, JOSEPH NELSON, JEREMY REBOULET, and DOES 1-10, whose true names are largely unknown.<br><br>        Defendants. | Case No.: 20-cv-1371 (ECT/KMM)<br><br>**MOTION FOR ENTRY OF CONSENT JUDGMENT** |

Plaintiff 3M Company ("3M") hereby moves the Court for entry of the Consent Judgment attached hereto as Exhibit 1 and incorporated herein by reference. The Consent Judgment is the product of a settlement reached between 3M and Defendants Jeremy Reboulet and Legacy Medical Supplies, LLC ("Legacy"). 3M, Reboulet, and Legacy have stipulated to the entry of the Consent Judgment, and a true and correct copy of this stipulation is attached hereto as Exhibit 2.

Because Legacy does not presently have counsel of record in the above-captioned action, 3M is submitting the Consent Judgment to the Court via the present motion instead of via stipulation as it did for the previous Consent Judgments entered in the above-captioned action with respect to Defendants Carol Ann Korpi and Joseph Nelson.

Counsel for 3M has conferred with Mr. Reboulet, who is an officer of Legacy, regarding this motion. Mr. Reboulet has indicated that neither he nor Legacy opposes this motion or the relief requested herein.

**MASLON LLP**

Dated: November 13, 2020

By: */s/John T. Duffey*
William Z. Pentelovitch (#85078)
John T. Duffey (#0392157)
Thomas R. Pack (#0398897)
Ann Motl (#0397599)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone: (612) 672-8200
Email: bill.pentelovitch@maslon.com
john.duffey@maslon.com
thomas.pack@maslon.com
ann.motl@maslon.com

**ATTORNEYS FOR PLAINTIFF
3M COMPANY**

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY,<br><br>        Plaintiff,<br><br>      v.<br><br>LEGACY MEDICAL SUPPLIES, LLC., MARK ECKHARDT, CAROL ANN KORPI, JOSEPH NELSON, JEREMY REBOULET, and DOES 1-10, whose true names are largely unknown.<br><br>        Defendants. | Case No.: 20-cv-1371 (ECT/KMM)<br><br>**CONSENT JUDGMENT** |

    The above-entitled matter came before the Court upon the Motion of Plaintiff 3M Company ("3M") to Enter Consent Judgment stipulated to by and between 3M and Defendants Jeremy Reboulet ("Reboulet") and Legacy Medical Supplies, LLC ("Legacy").

    Based upon all the files, records, and proceedings herein, the Court being duly advised in the premises,

    IT IS HEREBY ORDERED:

    1.    Reboulet and Legacy, and each of their agents, servants, employees, officers and all persons and entities in active concert and participation with them, shall be and hereby are permanently enjoined and restrained from using any registered trademarks or any tradenames of 3M ("3M Marks"), and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on,

and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods or services, including, without limitation, 3M-brand N95 respirators, and

2. Reboulet and Legacy, and each of their agents, servants, employees, officers and all persons and entities in active concert and participation with them, shall be and hereby are permanently enjoined and restrained from engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing themselves and any entity or person with which they are affiliated as being an authorized distributor, vendor, agent, representative, retailer, and/or licensee of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators); falsely representing to have an association or affiliation with, sponsorship by, and/or connection with, 3M and/or any of 3M's products; and falsely representing that 3M has increased the price(s) of its 3M-brand N95 respirators.

3. Reboulet and Legacy, and each of their agents, servants, employees, officers and all persons and entities in active concert or participation with them, shall be and hereby are permanently enjoined and restrained from representing to prospective suppliers or customers or employees that either Reboulet or Legacy have a business or personal relationship with any director, officer, or employee of 3M and from representing to any prospective suppliers or customers or employee that either Reboulet or Legacy have access to 3M products or services as a result of a relationship with any director, officer, or employee of 3M.

4. Violation of the provisions of this Consent Judgment shall result in such sanctions as the Court deems necessary and appropriate under the circumstances, including but not limited to sanctions for contempt of court.

5. Reboulet and Legacy shall be, and hereby are, dismissed as Defendants in the above-entitled action; *provided however,* that this Court shall retain jurisdiction over 3M, Reboulet, and Legacy to enforce the terms and provisions of this Consent Judgment as well as to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement hereof.

Dated: _____     BY:_____
                                                     United States District Court

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>LEGACY MEDICAL SUPPLIES, LLC., MARK ECKHARDT, CAROL ANN KORPI, JOSEPH NELSON, JEREMY REBOULET, and DOES 1-10, whose true names are largely unknown.<br><br>  Defendants. | Case No.: 20-cv-1371 (ECT/KMM)<br><br>**STIPULATION FOR ENTRY OF CONSENT JUDGMENT** |

IT IS STIPULATED AND AGREED BY AND BETWEEN Plaintiff 3M Company and Defendants Jeremy Reboulet and Legacy Medical Supplies, LLC that the Court may enter the Consent Judgment in the form of Exhibit A which is attached hereto and incorporated by reference herein.

Dated: 10/27/2020

_____
Jeremy Reboulet

Dated: 10/27/2020

**Legacy Medical Supplies, LLC**

By: _____

Its: President

Dated: 10/27/2020

**3M Company**

By: _____

Its: assistant GC, Litigation

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>LEGACY MEDICAL SUPPLIES, LLC., MARK ECKHARDT, CAROL ANN KORPI, JOSEPH NELSON, JEREMY REBOULET, and DOES 1-10, whose true names are largely unknown.<br><br>        Defendants. | Case No.: 20-cv-1371 (ECT/KMM)<br><br>**CONSENT JUDGMENT** |

      The above-entitled matter came before the Court upon the Motion of Plaintiff 3M Company ("3M") to Enter Consent Judgment stipulated to by and between 3M and Defendants Jeremy Reboulet ("Reboulet") and Legacy Medical Supplies, LLC ("Legacy").

      Based upon all the files, records, and proceedings herein, the Court being duly advised in the premises,

      IT IS HEREBY ORDERED:

      1.     Reboulet and Legacy, and each of their agents, servants, employees, officers and all persons and entities in active concert and participation with them, shall be and hereby are permanently enjoined and restrained from using any registered trademarks or any tradenames of 3M ("3M Marks"), and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on,

and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods or services, including, without limitation, 3M-brand N95 respirators, and

  2. Reboulet and Legacy, and each of their agents, servants, employees, officers and all persons and entities in active concert and participation with them, shall be and hereby are permanently enjoined and restrained from engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing themselves and any entity or person with which they are affiliated as being an authorized distributor, vendor, agent, representative, retailer, and/or licensee of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators); falsely representing to have an association or affiliation with, sponsorship by, and/or connection with, 3M and/or any of 3M's products; and falsely representing that 3M has increased the price(s) of its 3M-brand N95 respirators.

  3. Reboulet and Legacy, and each of their agents, servants, employees, officers and all persons and entities in active concert or participation with them, shall be and hereby are permanently enjoined and restrained from representing to prospective suppliers or customers or employees that either Reboulet or Legacy have a business or personal relationship with any director, officer, or employee of 3M and from representing to any prospective suppliers or customers or employee that either Reboulet or Legacy have access to 3M products or services as a result of a relationship with any director, officer, or employee of 3M.

4. Violation of the provisions of this Consent Judgment shall result in such sanctions as the Court deems necessary and appropriate under the circumstances, including but not limited to sanctions for contempt of court.

5. Reboulet and Legacy shall be, and hereby are, dismissed as Defendants in the above-entitled action; *provided however,* that this Court shall retain jurisdiction over 3M, Reboulet, and Legacy to enforce the terms and provisions of this Consent Judgment as well as to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement hereof.

Dated: _____　　　　BY:_____
　　　　　　　　　　　　　　　　　United States District Court